IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:15-cr-167 |
| | : | |
| v. | : | |
| | : | |
| MARTIN ALLEN MENTZER | : | Judge Sylvia H. Rambo |

**MEMORANDUM**

Before the court is a motion to disqualify the undersigned filed by Defendant Martin Allen Mentzer ("Defendant") pursuant to 28 U.S.C. § 455(a) and (b)(1). (Doc. 119.) For the reasons set forth below, the motion will be denied.

**I.    BACKGROUND**

On August 12, 2015, a grand jury returned a three-count indictment charging Defendant with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) (Count I); Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count II); and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2) (Count III). (Doc. 15.) Defendant ultimately plead guilty to Count I. (Docs. 22, 37, 41.)

The plea agreement noted that Count I carried a mandatory minimum period of imprisonment of 15 years, a maximum period of imprisonment of 30 years, and the possibility that the Government would recommend a prison sentence up to the maximum period. (Doc. 37.) On February 17, 2016, the court accepted Defendant's

1

guilty plea, and on July 20, 2016, he was sentenced to 240 months in prison and 15 years of supervised release. (Docs. 41, 51.) The sentence was within the Guideline range of 210 to 262 months imprisonment. (Doc. 52.) In its statement of reasons for the sentence, the court explained, in pertinent part:

> The fact that the Defendant knew that he had an incurable, life-threatening, sexually transmitted disease when he engaged in sexual activity with a 13-year-old is an aggravating factor that could arguably warrant an upper departure. However, the Court believes that a sentence in the middle of the guideline range is adequate yet not greater than necessary to meet the sentencing objectives. These reasons are the same reasons why the Court has not granted him the mandatory minimum sentence.

(Doc. 52.)

On May 25, 2017, Defendant filed a motion to vacate for ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, that his attorney did not file a direct appeal as requested. (Doc. 55.) On February 8, 2018, the court vacated Defendant's July 20, 2016, conviction, and re-sentenced him to the same term of imprisonment so that he could file a timely direct appeal. (Docs. 75, 76.) The other relief requested by Defendant in his § 2255 motion was denied. (Doc. 75.)

Defendant thereafter filed an appeal objecting to his sentence, which was denied by the Third Circuit in a non-precedential opinion on January 16, 2019. *United States v. Mentzer*, 760 F. App'x 90 (3d Cir. 2019). In denying Defendant's appeal, the Third Circuit reasoned:

2

> Here, the District Court imposed a within-Guidelines sentence of 240 months. A within-Guidelines sentence is more likely to be reasonable than an outside-Guidelines sentence. Nonetheless, Mentzer argues that the District Court abused its discretion by failing to take into account his HIV viral load, which he asserts has reduced his transmission risk to virtually zero. The Court, however, did not rely on the risk-level in imposing a within-Guidelines sentence, and thus there was no need for it to analyze Mentzer's particular level of transmission risk. More specifically, the Court simply stated the undisputed fact that Mentzer knew that he had an incurable, life-threatening, sexually transmitted disease when he engaged in sexual activity with a 13-year-old. In any event, Mentzer's clandestine exposure of his minor victim[] to even a minimal risk of HIV infection was a circumstance of his offense conduct. Because [Mentzer]'s HIV status was relevant to his offense conduct, it was properly considered by the district court. In light of Mentzer's offense and his relevant conduct, we cannot conclude that no reasonable sentencing court would have imposed the same sentence on Mentzer for the reasons the district court provided. Therefore, we must reject Mentzer's challenge to his sentence.

*Id.* at 93-94 (internal quotations and citations omitted).

On September 9, 2020, Defendant filed a motion for compassionate release, which the court denied, explaining that his offense conduct was "particularly heinous and he has served no more than a quarter of his total sentence." (Docs. 88-89, 96.) Defendant appealed the order, which was summarily affirmed by the Third Circuit on January 28, 2021. (Docs. 98, 102.) Defendant filed a second motion for compassionate release on December 28, 2021, which the court again denied for the same reasons set forth in its denial of his first request. (Docs. 106, 108.) Defendant again appealed, and the Third Circuit affirmed the denial in a non-precedential opinion. (Docs. 109, 113-114.) Defendant filed a third motion for compassionate

release, on January 10, 2023, which the court also denied. (Docs. 115, 117.) This time, the court added that Defendant's "offense conduct for sexual exploitation of children was grave, especially considering his exposure of the [minor] victim to serious health risks." (Doc. 117 p. 4.)

Now before the court is a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1). The motion is ripe for disposition.

## II.     **STANDARD FOR DISQUALIFICATION**

Under 28 U.S.C. § 455(a), recusal is required whenever a judge's impartiality "might reasonably be questioned." Accordingly, a judge should recuse herself where "a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Balance Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 266 (3d Cir. 1995), abrogated on other grounds by *United Artists Theatre Circuit, Inc. v. Township of Warrington, PA*, 316 F.3d 392 (3rd Cir. 2003). A party moving for disqualification under § 455(a) need not show actual bias because § 455(a) "concerns not only fairness to individual litigants, but, equally important, it concerns 'the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.'" *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re School Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)).

Whereas § 455(a) is a catchall disqualification provision, § 455(b)(1) is narrower in that it requires a judge to disqualify herself only if she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994). Similar to § 455(a), a party seeking recusal is not required to show actual bias by the court, only the possibility of bias. *Liteky*, 510 U.S. at 553. However, mere disagreements with the court's rulings are not grounds for recusal. *Id.* at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

### III.   DISCUSSION

Defendant advances three arguments in support of disqualification: (1) that the court erroneously considered that he endangered the minor victim by exposing him to HIV; relatedly, (2) that the court erroneously considered the serious health risks to the minor from the exposure of the minor victim to HIV; and (3) that this court has a personal bias against him. (Doc. 119, pp. 6-9.) The court will address each argument in turn.

Defendant's first argument is that the court's sentence, which was based in part on his potential exposure of the minor victim to HIV, is evidence of bias because

advances in medical science have significantly reduced the possibility of transmission from people like him who have reduced viral loads. (Doc. 119, p. 5.) It follows, according to Defendant, that it is "unfair and no longer reasonable" to infer that sexual conduct between HIV-positive individuals and non-HIV positive individuals always leads to contracting HIV. (Doc. 119, p. 6.)

This argument ignores the history of this case and the reason for Defendant's sentence. The court imposed a sentence *within* the Guidelines range, and specifically noted that Defendant's exposure of the minor victim to HIV was an aggravating factor that could arguably have warranted an upward departure from the Guidelines range. (Doc. 52.) The court, however, determined that a sentence within the Guidelines range was appropriate. (*Id.*) Further, as the Third Circuit noted in Defendant's direct appeal upholding the sentence as reasonable, "[Defendant]'s clandestine exposure of his minor victim[] to even a minimal risk of HIV infection was a circumstance of his offense conduct. Because [Defendant]'s HIV status was relevant to his offense conduct, it was properly considered by the district court." *Mentzer*, 760 F. App'x at 93-94. Defendant offers nothing more than mere speculation about this court's bias towards individuals with a positive HIV status. His argument is merely a disagreement with the court's ruling, and therefore he has not demonstrated that disqualification under § 455(a) or § 455(b)(1) is appropriate.

Defendant next argues that the court erroneously considered the potential health risks of exposing the minor victim to HIV, and that this is exemplified by a comment made in the court's most recent denial of compassionate release that Defendant exposed the minor victim to "serious health risks." (Doc. 119, p. 7; Doc. 117, p. 4.) This is evidence of bias, according to Defendant, because even if he was at risk of transmitting HIV at the time, which he claims he was not due to his compliance with treatment and undetectable viral load, "HIV is no longer the death sentence it once was." (Doc. 119, pp. 7-8.)

Yet again, this argument is merely a disagreement with the court's rulings. As the Third Circuit explained in upholding the court's sentence, Defendant's HIV status was relevant to the offense conduct and therefore it was not inappropriate for the court to consider it at sentencing. It is worth reiterating here that Defendant's sentence was within the Guidelines range and affirmed as reasonable by the Third Circuit. *Mentzer*, 760 F. App'x at 93-94. Further, his claim that he did not expose the minor victim to serious health risks falls flat when he has repeatedly requested compassionate release because HIV exposes him to an increased risk of severe illness or death from various ailments such as COVID-19 (Doc. 89) and Monkey Pox. (Doc. 115.) Defendant has not shown that disqualification under § 455(a) or § 455(b)(1) is appropriate.

Lastly, Defendant reiterates his prior arguments and adds that this court has a personal bias against him because it cites to no evidence that his HIV status is an "actual bonafide [*sic*] risk to the victim." (Doc. 119.) This argument has no basis other than his "displeasure with [the court]'s rulings. Such allegations do not form an adequate basis for recusal." *Jayasundera v. Macy's Inc.*, 731 F. App'x 133, 136 (3d Cir. 2018) (citing *Securacomm Consulting, Inc.*, 224 F.3d at 278). Thus, Defendant has failed to meet the requirements for disqualification under § 455(a) or § 455(b)(1).

## IV.    CONCLUSION

For the reasons set forth above, the motion for disqualification will be denied. An appropriate order shall follow.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 10, 2024